IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN DIEGO CASTRO-LEMA,

          *Petitioner*,

    v.

MARKWAYNE MULLIN, *et al*,

          *Respondents*.

Civil Action No. 3:26-cv-1260

Hon. William S. Stickman IV

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a native and citizen of Ecuador, is currently detained at Moshannon Valley Processing Center. He made illegal entry into the United States in 2023. Petitioner was taken into immigration custody on June 26, 2026, and his removal proceedings remain ongoing. The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a),

1

rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.  The Court disagrees with the decisions of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  It agrees with the decision of the Second Circuit in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2nd Cir. 2026), the Eleventh Circuit in *Hernandez Alvarez v. Morris et al*, 175 F.4th 1258 (11th Cir. 2026), and the Sixth Circuit in *Juan Lopez-Campos v. Kevin Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.

AND NOW, this 10th day of July 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.  And the Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a).  Respondents argued that "applicant for

admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States.  The Court concludes that Respondents' interpretation of § 1225(a), while incorrect, is substantially justified.  The Court is mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under § 1225(a), and that two United States Courts of Appeals to have considered this issue ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years.  *See Buenrostro-Mendez*; *Avila*.  The Court holds that Petitioner is not entitled to attorney's fees under the EAJA.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE